IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK KING,** | : |
| **Plaintiff** | : Civil No. 1:15-CV-0159 |
| v. | : |
| **MANSFIELD UNIVERSITY OF, PENNSYLVANIA,** *et al.*, | : |
| | : Judge Sylvia H. Rambo |
| **Defendants** | : |

# **M E M O R A N D U M**

Presently before the court is Plaintiff Patrick King's motion for remand, wherein he asserts that Defendants' notice of removal is defective because Defendants failed to attach the writ of summons issued in the state court proceeding in violation of 28 U.S.C. Section 1446(a), and because Defendants failed to clearly aver that all Defendants either joined or consented to the notice of removal, in violation of 28 U.S.C. Section 1446(b)(2)(A). (Doc. 6.)  In the alternative, Plaintiff argues that, should the court find removal proper, it should remand the state law claims for lack of supplemental jurisdiction because they do not arise out of the same nucleus of operative fact as Plaintiff's federal claim.  For the reasons that follow, Plaintiff's motion will be denied.

**I.**     **Background**[1]

On December 24, 2014, Plaintiff Patrick King ("Plaintiff") filed a complaint in the Court of Common Pleas in Dauphin County, Pennsylvania, Docket Number 2014-cv-09560, against Defendants Mansfield University of Pennsylvania

---

[1] For the purposes of the motion *sub judice*, the court will accept as true all well-pleaded factual allegations contained in the complaint.  (Doc. 1-1.)

("Mansfield University"), the Pennsylvania State System of Higher Education ("PASSHE"), John Halsted, and Christine Shegan (collectively, "Defendants").[2] (Doc. 1, ¶¶ 1-2.) In the complaint, Plaintiff alleged that, while he was a student and employee of Defendant Mansfield University, he was sexually harassed and sexually assaulted by another Mansfield University employee, John Estep. (Doc. 1-1, ¶¶ 15-23.) Plaintiff also alleged that he reported the sexual harassment and assault to Mansfield University's Vice President of Student Affairs, Joseph Maresco, who told Plaintiff that the complaint would be handled by Mansfield University's human resources office. (*Id.* ¶¶ 24-27.) However, according to Plaintiff, no one from the human resources office ever followed up with him, and Estep resumed his sexual harassment. (*Id.* ¶¶ 28-33.) In 2004, after suffering from depression and moving off of the Mansfield University campus, Plaintiff reported Estep's sexual harassment and assault to Defendant Mansfield Univeristy's campus police. (*Id.* ¶¶ 36, 38-39, 48.) A day or so after reporting Estep's conduct, Plaintiff received a call from someone purporting to be from the campus police, but there was never any subsequent follow up by the campus police or any other law enforcement agency. (*Id.* ¶ 49.) When Plaintiff inquired as to the status of his report, no one at Defendant Mansfield

---

[2] Plaintiff previously filed a related case consisting of several federal and state discrimination claims that arose out of the same set of facts as the instant case. (*See King v. Mansfield Univ. of Pa.*, Civ. No. 11-cv-1112, Doc. 33, Am. Compl. (M.D. Pa. May 20, 2013)). Following a lengthy period of discovery, Defendants filed a motion for summary judgment, arguing that Plaintiff's federal causes of action were barred by the applicable statutes of limitations and that the facts of record failed to establish the existence of a hostile work environment. (*See id.* at Doc. 64.) By memorandum and order dated July 28, 2014, the court granted Defendants' motion, finding that Plaintiff's federal claims were untimely and declining to exercise supplemental jurisdiction over his remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). *King v. Mansfield Univ. of Pa.*, Civ. No. 11-cv-1112, 2014 WL 3734551 (M.D. Pa. July 28, 2014). The previous complaint included a § 1983 claim against unknown defendants listed as "John Doe" and "Richard Roe." Because Plaintiff was unable to discover the names of the unknown defendants, the § 1983 claim was dismissed. The complaint in the instant action includes the same § 1983 claim, now identifying the previously unknown parties as Defendants John Halsted and Christine Shegan.

University could locate any record, written or otherwise, of his reports to the human relations office or campus police. (*Id*. ¶¶ 55, 93.)

Based on these facts, Plaintiff filed his state court action, asserting various state law claims for discrimination and a violation of Pennsylvania's Criminal History Record Information Act, 18 P.S. § 9101, along with a federal claim against Defendants Halsted and Shegan for depriving him of his right to equal protection under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983. Defendants removed Plaintiff's action from state court to the Middle District of Pennsylvania on January 23, 2015. (Doc. 1.)

On February 23, 2015, Plaintiff filed the instant motion to remand (Doc. 6), followed by a brief in support on March 9, 2015 (Doc. 8). Defendants filed a brief in opposition on March 26, 2015 (Doc. 9), and Plaintiff replied on April 7, 2015 (Doc. 10). Thus, the motion has been fully briefed and is ripe for disposition.

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), defendants may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Defendants seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendants. *See* 28 U.S.C. § 1446(b). A plaintiff, in turn, may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Ramos v. Quien*, 631 F. Supp. 2d 601, 607 (E.D. Pa. 2008) (quoting *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)); *see also Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). Upon a motion to remand, the removing

defendants bear the burden of proving the existence of federal jurisdiction, *In re Processed Egg Prods. Antitrust Litig.*, 836 F. Supp. 2d 290, 294 (E.D. Pa. 2011) (citing *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995)), as well as establishing that all pertinent procedural requirements for removal have been met. *Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003) (citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). Moreover, it is well-settled that courts must "construe removal statutes strictly with all doubts resolved in favor of remand." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Corwin Jeep Sales & Serv., Inc. v. Am. Motor Sales Corp.*, 670 F. Supp. 591, 592 (M.D. Pa. 1986).

### III.     Discussion

Defendants argue that this court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). (Doc. 1-1 at ¶ 4.) While Plaintiff does not contest the court's subject matter jurisdiction over his federal claim, he argues that there were defects in the removal process warranting remand. Plaintiff further argues that the court should not exercise supplemental jurisdiction over his state law claims because they do not form part of the same case or controversy as his lone federal claim.

In his motion for remand, Plaintiff alleges that there were two defects in the removal process that dictate his case be remanded to state court. First, Plaintiff claims that Defendants violated the "rule of unanimity" by failing to provide

individual written statements of joinder or consent to removal, as required by 28 U.S.C. § 1446(b)(2)(A). (Doc. 8, p. 4 of 20.) Second, Plaintiff claims that Defendants failed to attach the writ of summons in the state court proceeding to the notice of removal, as required by 28 U.S.C. § 1446(a). (Doc. 8, p. 8 of 20.) In response, Defendants contend that they each provided clear consent to the notice of removal, as required by the rule of unanimity, because they share the same counsel, thus making the notice of removal a joint notice among all of the defendants. (Doc. 9, p. 3 of 15.) Although Defendants acknowledge that they failed to attach the writ of summons from the state court proceeding to their notice of removal, they contend that the defect was cured when the state court sent the complete record, including the writ of summons, to this court on February 4, 2015. (*Id.* at p. 7.) The court will address these arguments in turn.

### A.   Rule of Unanimity

Although not explicitly stated in 28 U.S.C. § 1446(b), it is well-settled that the rule of unanimity requires that all defendants in a suit involving multiple defendants must join in the notice of removal or otherwise consent to the removal within thirty days. *See Balazik*, 44 F.3d at 213 (citing *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)); *see also Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)); *Ogletree v. Barnes*, 851 F. Supp. 184, 186 (E.D. Pa. 1994) (citations omitted). To satisfy this requirement, "there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf . . . and [with] authority to do so, that it has actually consented to [removal]." *Ogletree*, 851 F. Supp. at 188 (quoting *Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

Relying almost entirely on *McGuire v. Safeware, Inc.*, Civ. No. 13-cv-3746, 2013 WL 5272767 (E.D. Pa. Sept. 17, 2013), Plaintiff argues that the rule of unanimity requires separate written statements from each individual defendant evidencing his or her consent to removal. (Doc. 8, p. 7.) Plaintiff's reliance, however, is misguided. In *McGuire*, unlike in the instant case, the defendants were represented by separate counsel. Counsel representing one of the defendants filed a notice of removal, to which the remaining two defendants did not consent in any written submission to the court. *McGuire*, 2013 WL 5272767 at *2. In ordering the case remanded, the Eastern District explained that some written indication of consent to removal must be given by each of the defendants or someone with authority to act on their behalf, *id.* at *3 (citing *Ogletree*, 851 F. Supp. at 188), and added that "most courts require all defendants to voice their consent directly to the court," *id.* (quoting *Michaels v. New Jersey*, Civ. No. 96-cv-3557, 1996 WL 787613, *5 (D.N.J. Nov. 8, 1996)). Here, Defendants voiced their consent to removal directly to the court in the notice of removal, filed by counsel with the authority to act on their behalf. Because the notice of removal refers only to "Defendants" – plural – and Defendants share the same counsel, the court finds that the notice provided written indication that all of the Defendants consented to the removal. Accordingly, Defendants have satisfied the rule of unanimity and complied with 28 U.S.C. § 1446(b).

### B. Failure to Attach Writ of Summons

Plaintiff next argues that Defendants' failure to attach the writ of summons from the state court proceeding to the notice of removal to federal court amounts to a fatal procedural defect that mandates remand pursuant to 28 U.S.C. § 1446(a). (Doc. 8, p. 8 of 20.) Defendants contend that their failure to attach the writ of summons is not a jurisdictional defect, and was remedied when the state court sent

the writ of summons to this court on February 4, 2015.  (Doc. 9, p. 7 of 15.)  The court agrees with Defendants.

While § 1446(a) requires a removal notice to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," 28 U.S.C. § 1446(a), "[o]missions which are merely formal or modal do not affect the right to remove and may be subsequently remedied." *Efford v. Milam*, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005) (citing 28 U.S.C. § 1447(b)); *see Royal Indem. Co. v. Admiral Ins. Co. Inc.*, Civ. No. 07-cv-2048, 2007 WL 4171649, *2 (D.N.J. Nov. 19, 2007) (refusing to remand based on failure to attach all accompanying documents to the notice of removal).  Indeed, the majority of the Circuit Courts addressing the issue have held that the failure to attach process from the original state court proceeding, such as a writ of summons, to the notice of removal, is a *de minimus* procedural defect that is curable after removal.  *See, e.g., Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (finding that failure to attach complaint from state court proceeding was a "'*de minimus* procedural defect [that] was curable' even 'after expiration of the thirty-day removal period.")  (quoting *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011)) ("The majority view is that a removing party's failure to attach[] the required state court papers to a notice of removal is a mere procedural defect that is curable."); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (holding that the removing party's failure to include state court pleadings and process was not a jurisdictional defect); *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) (stating that failure to include the state court complaint was "a minor irregularity of no consequence"); *Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930, 932-33 (5th Cir. 1958) (holding that failure to include all state court pleadings and process

was a procedural, not jurisdictional, defect, and missing state court papers could be provided later); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (4th ed. 2011) ("[T]he failure to file all the state court papers . . . [is] curable in the federal court") (footnotes omitted).

The court agrees that Defendants' initial failure to attach the writ of summons from the state court proceeding to their notice of removal was a *de minimus* procedural defect that does not necessitate remand. The defect was cured when the court received the full record, including the writ of summons, from the Dauphin County Court of Common Pleas on February 4, 2015, a mere twelve days after Defendants filed their notice of removal. Accordingly, the court will not order remand on this basis.

### C. Supplemental Jurisdiction Over State Law Claims

It is well-settled that in any civil action where a district court has original jurisdiction over a federal claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). State and federal claims form part of the same case or controversy when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Arnold v. Kimberly Quality Care Nursing Servs.*, 762 F. Supp. 1182, 1186 (M.D. Pa. 1991) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). A district court may nonetheless decline to exercise supplemental jurisdiction over state law claims if:

> 1) the claim raises a novel or complex issue of State law,

> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> 4) In exceptional circumstances, there are compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Plaintiff does not dispute that his § 1983 claim against Defendants Shegan and Halsted falls within the court's original jurisdiction. (Doc. 8, pp. 15-16 of 20.) Rather, Plaintiff argues that the state law claims do not arise out of the same nucleus of operative fact, or, in the alternative, that the court should decline to exercise its supplemental jurisdiction pursuant to the factors outlined in 28 U.S.C. § 1367(c). (Doc. 8, pp. 14-20 of 20.) Defendants contend that the state law claims do, in fact, arise out of the same set of operative fact as the federal claim and therefore should not be remanded. (Doc. 9, pp. 10-12 of 15.) Defendants further argue that the interests of judicial economy, convenience, fairness, and comity would all be served by the court retaining the state law claims. (*Id.* at pp. 12-14 of 15.)

After careful review of the complaint, the court concludes that Plaintiff's claims arise out of the same common nucleus of operative fact such that Plaintiff ordinarily would be expected to bring them in a single proceeding.[3] *See*

---

[3] In fact, Plaintiff has now brought his claims arising out of the facts alleged in his
(continued...)

*Arnold*, 762 F. Supp. at 1186. Each of Plaintiff's claims arise out of his allegations that Estep sexually harassed and assaulted him, that Defendants failed to conduct a sufficient investigation into his reports regarding Estep's alleged misconduct, including allegedly destroying evidence of Plaintiff's reports, and that, as a result, Plaintiff suffered discrimination, depression, and severe emotional distress. A review of each count contained in Plaintiff's complaint demonstrates the interrelatedness of the claims.

In Counts I and II of the complaint, Plaintiff alleges that, by not adequately investigating his sexual harassment complaints against Estep, Defendants Mansfield University and PASSHE violated his rights under Pennsylvania law by failing to provide a workplace and educational environment free of discrimination. (Doc. 1-1, ¶¶ 61, 67.) In Count V, Plaintiff asserts a § 1983 claim against Defendants Shegan and Halstead for failing to create—or subsequently destroying—a record of his report to campus police regarding Estep's harassment, thereby violating his right to equal protection of the law. (*Id*. at ¶ 97.) In Count VI, Plaintiff asserts a state law claim against Defendants Shegan and Halstead based on their actions as alleged in Count V. (*Id*. at ¶¶ 111-25.) Finally, in Counts III and IV, Plaintiff asserts state law claims against Defendants Mansfield University and PASSHE for providing a hostile educational environment and failing to accommodate his disability, *i.e.*, depression, in violation of the Pennsylvania Fair Education Opportunities Act. (*Id*. at ¶¶ 70-84, 88-89.)

Thus, as is apparent from the complaint, the court finds that Plaintiff's federal and state law claims all arise out of the same common nucleus of operative

---

[3](...continued)
complaint in a single proceeding twice, both in the instant case and his prior federal suit mentioned in Footnote 1, *supra*, which contained substantially similar claims to the instant case.

fact and form part of the same case or controversy as required by 28 U.S.C. § 1367(a).  Accordingly, the court finds that it may properly exercise supplemental jurisdiction over Plaintiff's state law claims.  The remaining question is whether the court should nonetheless decline to exercise such jurisdiction pursuant to those factors contained in 28 U.S.C. § 1367(c), or if judicial economy, convenience, fairness, and comity would best be served by the court retaining jurisdiction over all claims.  *See Carnegie-Mellon*, 484 U.S. at 350.

As provided above, a district court may decline to exercise supplemental jurisdiction over state law claims if there are novel or complex issues of state law, the state law claims substantially predominate over the federal claims, the court has disposed of all claims over which it had original jurisdiction, or exceptional circumstances for declining jurisdiction exist.  28 U.S.C. § 1367(c).  Although Plaintiff argues that Subsections 1, 2, and 4 of § 1367(c) weigh in favor of the court declining to exercise supplemental jurisdiction, the court disagrees.  As to Subsection 1, Plaintiff argues that his Pennsylvania Criminal History Record Information Act claim raises a novel issue of state law, specifically, whether a cause of action is created under the Act "where the person or agency who is legally required to create, store, and accurately report criminal history record information fails to do so."  (Doc. 8, p. 19 of 20.)  While district courts properly defer to state courts for resolution of complex issues of first impression under state law, *Erdman v. Nationwide Ins. Co.*, 621 F. Supp. 2d 230, 238 (M.D. Pa. 2007), and Plaintiff's specific claim may, indeed, be novel, the court finds nothing overly complex about the claim that cannot be resolved by referring to the plain meaning of the statute.  *See Winingear v. City of Norfolk, Va.*, Civ No. 12-cv-560, 2013 WL 5672668, *4 (E.D. Va. Oct. 16, 2013) (retaining supplemental jurisdiction over claim where statute was clear on its face

and not "so complex that it require[d] judicial interpretation."). Furthermore, § 1367(c) does not require a district court to remand when a claim raises a novel or complex question of state law. Rather, § 1367(c) "is permissive – it merely allows a district court to dispose of a state claim over which it could exercise supplemental jurisdiction." *Isaac v. North Carolina Dep't of Transp.*, 192 F. App'x 197, 200 (4th Cir. 2006). Regarding Subsection 4, Plaintiff argues that exceptional circumstances are presented because the court previously declined to exercise its supplemental jurisdiction over the same claims in Plaintiff's prior related suit. (Doc. 8, p. 20 of 20.) However, the court declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) because it had disposed of all of Plaintiff's federal claims. *See King*, 2014 WL 3734551 at *15. Rather than constituting a compelling reason for remand, this factor weighs in favor of retaining jurisdiction over the state claims in the interest of judicial economy due to the court's familiarity with the underlying facts. *See Carnegie-Mellon*, 484 U.S. at 350.

        Finally, Plaintiff argues that his state law claims substantially predominate over his lone federal claim, and therefore the court should decline to exercise supplemental jurisdiction. However, the "substantially predominates" standard of § 1367(c)(2) "was fashioned as a limited exception to the operation of the doctrine of pendent jurisdiction – a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative fact." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995); *see also Gibbs*, 383 U.S. at 727. "Federal courts evaluate the predominance of state claims by reference to three factors: (1) the evidentiary proof required to advance them, (2) the comprehensiveness of the remedy sought, and (3) the scope of issues that they raise."

*Whitney v. Marut*, Civ. No. 07-cv-0089, 2008 WL 919826, *2 (M.D. Pa. Apr. 3, 2008) (citing *Mazurkiewicz v. Doylestown Hosp.*, 223 F. Supp. 2d 661, 667 (E.D. Pa. 2002)); *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). Here, the evidence needed to support the state claims, specifically, evidence related to the lack of investigation and potential destruction of records, is highly relevant, if not identical, to the evidence needed to support Plaintiff's federal claim. In addition, the remedy sought for the state claims is the same as the remedy sought for the federal claim, namely, compensatory damages related to Plaintiff's alleged depression. *See Lancaster*, 45 F.3d at 789 ("[A]voiding duplicative recoveries is a factor tending to weigh against litigating related federal and state claims in different fora.") (citing *Sparks v. Hershey*, 661 F.2d 30, 33-34 (3d Cir. 1981)). Finally, the scope of the issues raised does not differ greatly between the state claims and the federal claim because the state and federal claims "functionally overlap." *Whitney*, 2008 WL 919826, at *3. While it is true that the state law claims outnumber Plaintiff's single federal claim, predomination of state claims is not established "simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts." *Lancaster*, 45 F.3d at 789.

Accordingly, the court finds that Plaintiff's state law claims do not substantially predominate over his federal claim. Rather, the court finds that the interests of judicial economy, convenience, fairness, and comity will best be served by retaining jurisdiction over all claims. Not only do Plaintiff's state law claims and federal claim overlap in the evidence that would be needed to support them, the remedies sought for each claim, and the issues raised by the claims, but as Plaintiff himself states in his supporting brief, "[the c]ourt is very familiar with the facts and circumstances" of the instant case due to the nearly identical federal action that

Plaintiff previously filed in this court. (Doc. 8, p. 1 of 20.) Therefore, the court will exercise its supplemental jurisdiction over Plaintiff's state law claims.

**IV.     Conclusion**

For the reasons stated above, the court finds that the procedural inadequacies in Defendants' notice of removal did not create a jurisdictional defect that would invalidate removal. Defendants clearly manifested their joinder and consent to removal when single counsel representing all Defendants filed the notice of removal on their behalf, and the court received all pleadings and process in the state court action when the Dauphin County Court of Common Pleas forwarded its full record on February 4, 2015, a mere twelve days after Defendants filed their notice of removal. Additionally, the court has original jurisdiction over Plaintiff's § 1983 claim, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims, which arise out of the same nucleus of operative fact as his federal claim. Therefore, the court will deny Plaintiff's motion to remand in its entirety.

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: August 5, 2015.