IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK KING,** | : | Civil No. 1:15-cv-0159 |
| Plaintiff, | : | |
| v. | : | |
| **MANSFIELD UNIVERSITY OF PENNSYLVANIA, et al.,** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Presently before the court is Plaintiff's Rule 56(a) Motion for Partial Summary Judgment on Defendants' Affirmative Defense of the Statute of Limitations. (Doc. 24.) For the reasons that follow, the motion will be denied as moot without prejudice to the filing of a renewed motion.

### I. Background

On December 24, 2014, Plaintiff Patrick King ("Plaintiff") filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania (Docket No. 2014-cv-9560), naming Defendants Mansfield University of Pennsylvania, the Pennsylvania State System of Higher Education, President John Halsted, and University Police Chief Christine Shegan. Defendants filed an answer to the complaint on January 30, 2015. (Doc. 3.) On September 5, 2017, Plaintiff filed the instant motion for partial summary judgment on Defendants' affirmative defense of the statute of limitations. (Docs. 24-25.) Two weeks later, on September

19, 2017, Plaintiff filed an amended complaint. (Doc. 27.) Defendants filed a brief in opposition to the motion for partial summary judgment on September 26, 2017, arguing that the court should deny Plaintiff's motion as moot given the later filing of an amended complaint, especially when Defendants had not yet filed an answer to the amended complaint. (Doc. 28.) On October 2, 2017, Defendants filed an answer (Doc. 32), and on October 4, 2017, Plaintiff replied to the brief in opposition to the motion for partial summary judgment (Doc. 33).

**II.    Discussion**

Plaintiff's motion for partial summary judgment was filed in response to Defendants' affirmative defense of the statute of limitations, which was raised in its answer to Plaintiff's initial complaint in this civil action.[1] However, on September 19, 2017, Plaintiff filed an amended complaint. (Doc. 27.) An amended complaint supersedes the original complaint such that any pending motions addressing the original complaint may be deemed moot. *See Bullock v. Ashcroft*, Civ. No. 04-cv-2639, 2006 WL 1670278, *1 (M.D. Pa. June 15, 2006) (stating that, if the court were to accept Plaintiff's third amended complaint, "Defendant's motion to dismiss, or, in the alternative for summary judgment, with respect to the second amended complaint will be rendered moot.").

---

[1] The court notes that the most recent complaint raises factual allegations which are virtually identical to those raised by Plaintiff in a previous federal action, *King v. Mansfield, et al.*, Docket No. 1:11-cv-1112.

Because Defendants' affirmative defense of the statute of limitations had yet to be raised in response to the amended complaint as of the date of the filing of both the motion for partial summary judgment and Defendants' opposition thereto, the court finds that the motion should be denied as moot but without prejudice to the filing of a renewed motion for partial summary judgment. The court's decision will provide Defendants with the opportunity to file a meaningful response to Plaintiff's motion, should he choose to renew it.

### III. Conclusion

As stated above, Plaintiff's motion will be denied as moot.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: March 8, 2018

3