IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK KING,** | : | Civ. No. 1:15-CV-0159 |
| **Plaintiff,** | : | |
| v. | : | |
| **MANSFIELD UNIVERSITY OF PENNSYLVANIA ET AL.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M   A N D   O R D E R**

In October 2019, after the close of expert discovery in this case, this court granted a request by Plaintiff Patrick King's attorney, Ralph B. Pinskey, Esquire, and issued an order allowing the parties' expert witnesses to issue supplemental expert reports. Mr. King's expert witness, Dr. Carole Lieberman, subsequently issued a supplemental report. Defendant now wishes to re-depose Dr. Lieberman and also requests that the court order Mr. Pinskey to produce all documents and communications that contain information relied upon by Dr. Lieberman in rendering her opinion and report. Mr. Pinskey objects to these requests. The parties have submitted letters to the court outlining their positions.

After considering the parties' respective arguments, the court will permit Defendant to re-depose Dr. Lieberman. Contrary to Mr. Pinskey's arguments, there

1

is nothing in the record to support that re-deposing Dr. Lieberman will provide Defendant with an unfair tactical advantage. Nor is there any indication that Defendant's request is driven by an improper motive.  If anything, having granted Mr. Pinskey's prior request to permit the issuance of supplemental expert reports, basic notions of fairness now counsel in favor of allowing Defendant to re-depose Dr. Lieberman following the issuance of her supplemental report. Doing so also comports with the Federal Rules. *See* Fed. R. Civ. Pro. 26(b)(4)(A).

The court will also order Mr. Pinskey to produce all records and communications that Dr. Lieberman relied upon in rendering her opinion and report. Mr. Pinskey's concern that some of this information is protected by the work product doctrine will be adequately addressed by this court's order limiting the documents that must be produced to only those containing facts and data. *See R.D. v. Shohola Camp Ground & Resort*, No. 3:16-CV-1056, 2018 WL 2364749, at *3 (M.D. Pa. May 24, 2018); *Pritchard v. Dow Agro Scis.*, 263 F.R.D. 277, 292 (W.D. Pa. 2009). Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant is granted leave to re-depose Dr. Lieberman and may subpoena her to testify;
    a. Defendant shall compensate Dr. Lieberman for her entire time, including any reasonable time spent preparing for the deposition, at her usual hourly rate;

    b. Defendant shall use reasonable efforts to assist Mr. King, Mr. Pinskey, and Dr. Lieberman with any technology necessary for them to participate in the deposition;

2. Mr. Pinskey shall produce to Defendant copies of all records and information that Dr. Lieberman relied upon in rendering her opinion and report;

3. Mr. Pinskey shall produce his communications with Dr. Lieberman to the extent the communication (1) contains facts or data that Mr. Pinskey provided and that Ms. Lieberman relied on in rendering her opinion and report, or (2) identifies assumptions that Mr. Pinskey provided and that Ms. Lieberman relied on in rendering her opinion and report. *See R.D.*, 2018 WL 2364749, at *3; *Pritchard*, 263 F.R.D. at 292;

4. Mr. Pinskey may redact or withhold any responsive document that reflects legal theories or other attorney work product. *See Pritchard*, 263 F.R.D. at 291-292 (outlining scope of work product doctrine in context of expert witnesses). Any such documents shall be listed in a detailed privilege log that for each document contains: (1) an express claim of work product or other privilege that also specifies, where appropriate, whether the protected information constitutes factual or opinion work product; and (2) a description of the information withheld sufficient to allow Defendant to assess the claim of privilege without viewing the protected information;

5. Unless the parties agree otherwise, Mr. Pinskey shall produce to Defendant the aforementioned documents by November 1, 2020 and the privilege log by November 15, 2020;

6. Any documents produced shall not be disclosed to non-parties;

7. No other discovery is permitted unless ordered by the court.[1]

Dated: October 6, 2020

                                           */s/ Sylvia H. Rambo*
                                           Sylvia H. Rambo
                                           United States District Judge

---

[1] Mr. Pinskey's September 22, 2020 letter indicates that Defendant recently emailed Mr. Pinskey a copy of a third-party subpoena for documents addressed to Ms. Lieberman. It is not clear to the court, however, whether the subpoena has been issued and served, as no proof of service has been filed. Nor is it clear whether Defendant intends to issue, serve, or enforce the document subpoena; Defendant's most recent discovery letter to the court is silent on the matter. Finally, it is unclear whether Defendant has any basis for issuing a document subpoena given that expert discovery has been closed now for some time. In light of these unknowns, as well as the silence from both parties, the court will not take any action on the emailed document subpoena at this time. Should the matter become a point of contention, the parties shall meet and confer and attempt to reach a mutual resolution prior to bringing it to the court's attention.